# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

HELEN JOHNSON
c/o Whispering Meadows
2191 Highway I
Grafton, WI 50324,

     Plaintiff,

  vs.          Case No. 04-C-1205

TRANSAMERICA OCCIDENTAL
LIFE INSURANCE COMPANY
c/o Registered Agent:
CT CORPORATION SYSTEM
 8025 Excelsior Dr. Ste. 200,
Madison, WI 53717,

     Defendant.

---

# DECISION AND ORDER

---

  Helen Johnson ("Johnson") is 91 years old.  She lives in a residential care facility called Whispering Meadows in Grafton, Wisconsin.  Without hands-on assistance, she is unable to bathe, dress, use the restroom, take medicine, manage her finances, prepare meals, and do housework or laundry.  She needs someone within an arms-length in order to move about and eat.  Johnson owns a long term care insurance policy underwritten by Transamerica Occidental Life Insurance Company ("Transamerica").  She is suing Transamerica to recover benefits under the policy.

  The dispute is simple.  If Whispering Meadows satisfies the definition of a "Nursing Home" under Transamerica's policy, then Transamerica must pay Johnson an insurance

benefit (called a "Nursing Home Benefit") of $100 per day for each day she is at Whispering Meadows.[1]  In addition, Johnson would be entitled to a premium waiver amounting to $2673.10 per year.

Johnson brought her lawsuit in the Ozaukee County Circuit Court for the State of Wisconsin, but, pursuant to 28 U.S.C. § 1441,[2] Transamerica removed the suit here, to the Eastern District of Wisconsin.  Transamerica removed the action on the basis that this Court has original jurisdiction over the matter on diversity grounds.  *See* 28 U.S.C. § 1332 (2000).  Johnson asks the Court to remand the action to state court.

If the jurisdictional requirements are met, a defendant has the right to remove a case from state to federal court.  *See* 28 U.S.C.A. § 1441 (West Supp. 2004).  The party seeking a federal forum bears the burden of establishing that the federal court has jurisdiction "once the existence of that jurisdiction is fairly cast into doubt."  *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).  Since Johnson casts doubt on this Court's jurisdiction, Transamerica must show that jurisdiction exists under § 1332, namely that (1) there is complete diversity of citizenship and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.  28 U.S.C. § 1332(a).  The parties do not dispute diversity–the plaintiff is

---

[1] Specifically, Johnson seeks a declaration: (1) that the care center she is at, Whispering Meadows in Grafton, Wisconsin, is a "nursing home" as defined by the policy; (2) that she is entitled to "Nursing Home" benefits under the policy; (3) that Transamerica is in breach of the insurance agreement because it is not providing "Nursing Home Benefits" to Johnson.

[2] 28 U.S.C. § 1441 states in relevant part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Case 2:04-cv-01205-RTR   Filed 05/13/05   Page 2 of 5   Document 15

a citizen of Wisconsin, and the defendant is an Iowa corporation with its principal place of business in Iowa. The dispute centers on the amount in controversy.

Transamerica may meet its burden by showing "proof to a reasonable probability" that the amount in controversy exceeds $75,000, not including interest and costs. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 & 366-67 n.2 (7th Cir. 1993) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In determining whether removal is proper, the Court considers the circumstances at the time of removal. *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)); *see also Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 428 (7th Cir 1997) ("The Court . . . is limited to examining only that evidence of amount in controversy that was available at the moment the petition for removal was filed.").

This case was removed on December 17, 2004. Transamerica argues that if Johnson lived until December 31, 2005, she would be entitled to $66,000 in nursing home benefits and $9,355.92 in premium waivers, bringing the amount in controversy up to $75,355.92. Johnson does not dispute these numbers. Instead, she argues that it is not reasonably probable that she will live until December 31, 2005. So the question facing the Court is whether it is reasonably probable that on December 17, 2005, Johnson would live until December 31, 2005. The Court is persuaded that there is a reasonable probability.

Transamerica relies on the National Vital Statistics Reports to show that Johnson has a 74.1% probability of living at least two more years. If she does, and Transamerica loses this lawsuit, it will be responsible for paying over $75,000 in Nursing Home Benefits.

Transamerica's tables, which speak in terms of averages and historical trends, are based on 2002 mortality statistics; July 1, 2002, population estimates based on the 2000 census; and data from Medicare. These tables do not consider simple cross-sections of the population or make projections about hypothetical 90-year-olds; they present historical evidence based on one of the most complete sets of numbers the government has available. In other words, the tables presumably account for the very healthy, the very sick, and everyone in between.

Perhaps Johnson's condition is evidence that she is among the 25.9% of 90 year olds who will not live to be 92. After all, she cannot perform a number of basic functions on her own: she cannot bathe, dress, use the restroom, take medicine, manage her finances, prepare meals, and do housework or laundry. For that matter, what she can do under her own power—move about and eat—she cannot do without close supervision. But the Court is no doctor, and Johnson has not provided the Court with any evidence that she is among the 25.9% who will not survive. Transamerica's data speaks to probabilities for 90-year-old females, and Johnson is among that group. Without evidence that something unique about Johnson requires special consideration, the Court is satisfied that there is a statistical probability that Johnson will live past December 31, 2005.[3] Of the 18,828 females who survived from age 90 to 92, it is hard to imagine that none of them suffer any of the same ailments as Johnson, or at least reasonably comparable ones. But the Court need not imagine it; Transamerica has met its burden and Johnson has done nothing to dispute the evidence.

---

[3]Even if Johnson had a doctor's report (or other evidence) showing she is not likely to be one of the 74.1% who survive, that doctor's report must have been on or before December 17, 2004—the day of removal—for the Court to consider it.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Johnson's Motion to Remand [Docket No. 5] is **DENIED**.

Dated at Milwaukee, Wisconsin this 13th day of May, 2005.

**BY THE COURT**


 **s/ Rudolph T. Randa**
**Hon. Rudolph T. Randa**
**Chief Judge**